STEVEN S. ALM
United States Attorney
District of Hawaii

ELLIOT ENOKI
First Assistant U.S. Attorney

THOMAS MUEHLECK
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850

Attorney for Plaintiff
UNITED STATES OF AMERICA

```
                       FILED IN THE
                 UNITED STATES DISTRICT COURT
                     DISTRICT OF HAWAII

                       AUG 2 8 1997

              at ___ o'clock and ___ min ___M
                 WALTER A. Y. H. CHINN, CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>MICHAEL VITOLO aka "Capone,"(01),<br>KENNETH LAU aka "Splinter," (02),<br>    aka "Victor Lee,"<br>SCOTT AUGAFA aka "Ace,"   (03),<br>KENETI TAFISI aka "Neti," (04),<br>GORDON FRANCISCO,      (05),<br>JAMES DEARMIN aka "Keoni," (06),<br>RODNEY MORRIS,        (07),<br>    aka "Rocket Rodney,"<br>JOHN MORTON,         (08),<br><br>       Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CR. NO. 97-00953 HG

FIRST SUPERSEDING
INDICTMENT

[21 USC §§ 846 and
841(a)(1); 18 USC §§
1956(a)(1)(A)(i) and 2]

FIRST SUPERSEDING INDICTMENT

## COUNT 1

The Grand Jury charges that:

From a date unknown, but from at least November 1, 1994 to on or about July 26, 1996, in the District of Hawaii and elsewhere, MICHAEL VITOLO aka "Capone," KENNETH LAU aka "Splinter," aka "Victor Lee," SCOTT AUGAFA aka "Ace," KENETI TAFISI aka "Neti," GORDON FRANCISCO, JAMES DEARMIN aka "Keoni," RODNEY MORRIS aka "Rocket Rodney," and JOHN MORTON, defendants herein, together with Richard Manzano and Guy Wilson, did conspire together with each other and others known and unknown to the Grand Jury to knowingly and intentionally distribute and possess with intent to distribute in excess of 100 grams of crystal methamphetamine - "ice," a Schedule II controlled substance, a violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

## Count 2

The Grand Jury further charges that:

On or about August 11, 1997, in the District of Hawaii, defendant SCOTT AUGAFA aka "Ace" did knowingly and intentionally

2

possess with intent to distribute a quantity of crystal

methamphetamine - "ice" in excess of ten grams, that is,

approximately twenty-eight grams of crystal methamphetamine -

"ice," a Schedule II controlled substance.

All in violation of Title 21, United States Code,

Section 841(a)(1).

### Count 3

The Grand Jury further charges that:

On or about August 12, 1997, in the District of Hawaii

and elsewhere, defendant JAMES DEARMIN aka "Keoni" did knowingly

and intentionally possess with intent to distribute a quantity of

methamphetamine in excess of 1000 grams, that is, approximately

fifteen (15) pounds of methamphetamine, a Schedule II controlled

substance.

All in violation of Title 21, United States Code,

Section 841(a)(1) and Title 18, United States Code, Section 2.

### COUNT 4

The Grand Jury further charges that:

On or about May 24, 1996, in the District of Hawaii and

elsewhere, defendant MICHAEL VITOLO aka "Capone," did knowingly

and willfully conduct and attempt to conduct a financial

transaction affecting interstate and foreign commerce, to wit,

3

the Western Union wire transfer of $1,900 in United States

currency which involved proceeds of a specified unlawful

activity, that is the distribution of crystal methamphetamine -

"ice" with the intent to promote the carrying on of specified

unlawful activity, to wit: the distribution of crystal

methamphetamine - "ice," and that while conducting and attempting

to conduct such financial transactions knew that the property

involved in the financial transaction, that is, monetary

instruments in the amount of $1,900 in United States currency

represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code,

Sections 1956(a)(1)(A)(i) and 2.

COUNT 5

The Grand Jury further charges that:

On or about April 14, 1996, in the District of Hawaii

and elsewhere, defendant KENNETH LAU aka "Splinter," aka "Victor

Lee," did knowingly and willfully conduct and attempt to conduct

a financial transaction affecting interstate and foreign

commerce, to wit, the Western Union wire transfer of $2,000 in

United States currency which involved proceeds of a specified

unlawful activity, that is the distribution of crystal

methamphetamine - "ice" with the intent to promote the carrying

4

on of specified unlawful activity, to wit: the distribution of crystal methamphetamine - "ice," and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transaction, that is, monetary instruments in the amount of $2,000 in United States currency represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

<u>COUNT 6</u>

The Grand Jury further charges that:

On or about July 4, 1996, in the District of Hawaii and elsewhere, defendant KENNETH LAU aka "Splinter," aka "Victor Lee," did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the Western Union wire transfer of $2,500 in United States currency which involved proceeds of a specified unlawful activity, that is the distribution of crystal methamphetamine - "ice" with the intent to promote the carrying on of specified unlawful activity, to wit: the distribution of crystal methamphetamine - "ice," and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transaction, that is, monetary

5

instruments in the amount of $2,500 in United States currency
represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code,
Sections 1956(a)(1)(A)(i) and 2.

## COUNT 7

The Grand Jury further charges that:

On or about October 15, 1995, in the District of Hawaii
and elsewhere, defendant GORDON FRANCISCO, did knowingly and
willfully conduct and attempt to conduct a financial transaction
affecting interstate and foreign commerce, to wit, the Western
Union wire transfer of $2,500 in United States currency which
involved proceeds of a specified unlawful activity, that is the
distribution of controlled substances with the intent to promote
the carrying on of specified unlawful activity, to wit: the
distribution of controlled substances, and that while conducting
and attempting to conduct such financial transactions knew that
the property involved in the financial transaction, that is,
monetary instruments in the amount of $2,500 in United States
currency represented the proceeds of some form of unlawful
activity.

All in violation of Title 18, United States Code,
Sections 1956(a)(1)(A)(i) and 2.

6

<u>COUNT 8</u>

The Grand Jury further charges that:

On or about April 14, 1996, in the District of Hawaii and elsewhere, defendant KENETI TAFISI aka "Neti," did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the Western Union wire transfer of $2,000 in United States currency which involved proceeds of a specified unlawful activity, that is the distribution of crystal methamphetamine - "ice" with the intent to promote the carrying on of specified unlawful activity to wit: the distribution of crystal methamphetamine - "ice," and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transaction, that is, monetary instruments in the amount of $2,000 in United States currency represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

<u>COUNT 9</u>

The Grand Jury further charges that:

On or about December 7, 1996, in the District of Hawaii and elsewhere, defendant JOHN MORTON did knowingly and

7

intentionally aid and abet James Dearmin in his conduct of a financial transaction affecting interstate and foreign commerce, to wit, the Western Union wire transfer of $4,000 in U.S. currency, which involved the proceeds of a specified unlawful activity, that is the distribution of crystal methamphetamine - "ice," with the intent to promote the carrying on of specified unlawful activity, to wit: the distribution of crystal methamphetamine - "ice" and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction that is in the amount of $4,000 in U.S. currency represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

//

//

//

//

//

//

//

//

DATED: _____Aug. 28, 1997_____, at Honolulu, Hawaii.

A TRUE BILL

/s/
_____
FOREPERSON, GRAND JURY


_____
STEVEN S. ALM
United States Attorney
District of Hawaii


_____
ELLIOT ENOKI
First Assistant U. S. Attorney


_____
THOMAS MUEHLECK
Assistant U.S. Attorney


USA v. Michael Vitolo, et al.
"FIRST SUPERSEDING INDICTMENT"
Cr. No. 97-00953 HG

9